**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>        v.<br><br>LUIS JULIAN AGUAYO,<br><br>                          Defendant. | Case No. 19-cr-02610-BAS-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>**(ECF No. 52)** |

Mr. Aguayo, a 28-year-old United States citizen, files a Motion for Compassionate Release seeking a modification of his 37-month sentence to a time served sentence in light of the risk he faces from COVID-19.  (ECF No. 52 ("Motion").)   He has served approximately eight months in custody.  (ECF No. 43.)  The Government opposes.  (ECF No. 58 ("Opposition").)  For the reasons stated below, the Court **DENIES** the Motion.

**I.    BACKGROUND**

On June 13, 2019, Mr. Aguayo drove through a United States Border Patrol checkpoint in a car with 20.93 kilograms of methamphetamine hidden in a non-factory compartment behind the dashboard.  (ECF No. 36 ("PSR") ¶ 6.)  Mr. Aguayo had no prior criminal record.  (PSR ¶ 33.)

  Mr. Aguayo, who is 28 years old, claims he is at risk from COVID-19 because of his obesity.  (Motion at 12.)  At the time of sentencing, Mr. Aguayo reported only a knee

injury, but otherwise both he and his mother indicated he was in good physical health. (PSR ¶¶ 43–46.) While Mr. Aguayo was on bond, he repeatedly used marijuana. (PSR ¶¶ 10–15.)

Mr. Aguayo reports he submitted a compassionate release request to the Warden on May 11, 2020, and, as of June 26, 2020, he had received no response. (Motion at 15, Ex. F.)

**II.   ANALYSIS**

    **A.   Exhaustion of Administrative Remedies**

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* In other words, Mr. Aguayo must fully exhaust his administrative remedies from the Warden of the facility where he is being housed before he turns to the Court for relief.

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden, and the petitioner proceeds to continue to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapses and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies.

Mr. Aguayo provides proof that he has exhausted his administrative remedies through the second route. He provides evidence that he sought relief from the Warden, 30

days have lapsed, and the Warden has taken no action. (Motion at 15, Ex. F.) Therefore, Mr. Aguayo has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, No. 3:13-cr-444-BR, __ F. Supp. 3d __, 2020 WL 1673440, at *3 (D. Or. 2020).

The Government concedes that Defendant has shown "extraordinary and compelling reasons" for the reduction. (Opposition at 2:14–16.) Although there is only one reported case of COVID-19 at FCI Sheridan, where Mr. Aguayo is being housed, his obesity does place him at risk if he was to contract the virus. *See* Federal Bureau of Prisons, *Covid-19 Coronavirus*, www.bop.gov/coronavirus (last visited July 10, 2020).

However, the Government argues that consideration of the factors set forth in § 3553(a) militate against reducing Mr. Aguayo's sentence. Many of the § 3553(a) factors have not changed since Mr. Aguayo was sentenced back in October. He was transporting a very large amount of methamphetamine with the potential to do great harm in the United States. His future potential is limited by his lack of his education, his obesity, his unemployment and injury status, and his inability to stop smoking marijuana. Therefore, there is a possibility of recidivism, although this is Mr. Aguayo's first criminal offense. He has a 20-year old girlfriend and 2-year old daughter in Mexico who are unable to cross into the United States, so he has been unable to have any visits with them since his arrest, a severe collateral consequence of his conduct. However, reducing Mr. Aguayo's sentence to the equivalent of eight months in custody would create unwarranted disparities with other similarly situated defendants. Even those who are being sentenced in the midst of

the pandemic are not getting this low of a sentence for transporting such a large amount of methamphetamine. And the Court is concerned about Mr. Aguayo's ability to follow the Court's rules if, for example, it was to impose home confinement as a condition of Mr. Aguayo's supervised release. Mr. Aguayo has demonstrated an inability to follow the Court's rules while on pretrial release, at least with respect to marijuana use.

Therefore, the Court concludes that the § 3553(a) factors support denying Mr. Aguayo's request for immediate release.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Aguayo's Motion to Reduce his Sentence from 37-months to a time served sentence of eight months. (ECF No. 52.)

**IT IS SO ORDERED.**

**DATED: July 10, 2020**

Hon. Cynthia Bashant
United States District Judge